**John Henry MAYS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42274.**

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Rehearing Denied Dec. 3, 1969.

Emmett Colvin, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Dallas, Charles Caperton, Arch Pardue, Malcolm Dade, Kerry P. FitzGerald and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for theft from the person; the punishment, seven years.

The sufficiency of the evidence is challenged. The record reflects that J. T. Gammill, the injured party, was a sixty-five year old farmer from Sulphur Springs and was on the way to Neuhoff Packing Company in Dallas to sell a load of hogs. When he stopped at a red light appellant opened the door and entered his pickup truck, and asked Gammill for a ride to the packing company so that he could find his boss. Gammill testified that this shocked him, but he did let appellant ride, because he looked and acted helpless.

After Gammill sold his hogs, appellant stated that his boss had sold the cattle and had already left and asked for a ride. Gammill wanted to go to a service station to buy some tires. When he stopped the pickup truck at a stop sign in the stockyard, appellant opened the door and another man, who weighed approximately two hundred and fifty pounds, entered. Gammill told the large man (later referred to by appellant as Spider) to get out of the truck. Spider then told Gammill that he would direct him to the service station but instead directed him down a dead-end street. They asked Gammill to play cards, but he declined. He was somewhat scared. Spider pulled out a deck of cards and turned three or four of them over and appellant or Spider turned the wrong card and lost. One of them asked Gammill to change a fifty dollar bill. As Gammill pulled out his purse (which contained some two hundred thirty

dollars) to make the change, Spider reached and grabbed the purse so suddenly that Gammill did not have time to resist. Spider handed the money to appellant and left. Gammill grabbed and held appellant, who got a hand free and threw the keys to the pickup on the ground. Appellant got free and ran and Gammill pursued hollering that he had been robbed. A bystander held a gun on appellant and told him to stop or he would shoot. Appellant told the man he would not shoot and then climbed a fence. Gammill grabbed appellant, but again he got loose and the chase continued. Officers arrived a short time later. Appellant had a total of three hundred seventy dollars on his person when he was arrested.

Appellant testified he had been in the penitentiary on four cases of forgery and was released in 1967. He further testified that Gammill and Spider gambled and he later won the money from Gammill; that later when they got near some apartments, Gammill hollered that appellant had robbed him. The jury chose not to believe appellant's version and found him guilty as a principal. The evidence was sufficient to support the verdict.

Appellant contends that his rights under the Fourteenth Amendment to the Constitution of the United States were fundamentally violated because the statements he made to the officers after arrest without a warning violated the principle of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The injured party and Officer Ford testified without objection that appellate related two accounts of how he got the money, one when they were shooting dice and a second story that he got it when they were playing poker. They further related that appellant told the officers to give the money back and he would pay a fine. Appellant testified that he told the officers he won the money playing cards.

It is not clear from the record when these statements were made, but apparently they were made a short time after Officer Ford stopped to see what was happening once he had seen the appellant running down the street in front of the victim. It was not shown that appellant was under arrest or in custody when the statements were made. Miranda v. Arizona, supra, expressly holds that the right to remain silent and the right to counsel is required only in custodial interrogation. See Taylor v. State, Tex. Cr.App., 420 S.W.2d 601.

Appellant raised no issue concerning the voluntariness of the statements. No jury instruction was requested concerning the voluntariness of the statement.[1] Appellant was apparently satisfied until the appellate brief was filed long after the trial had been completed. No reversible error is shown.

The judgment is affirmed.

---

1. See Article 38.22, Sec. (c), Vernon's Ann.C.C.P.